[No. 759.   Decided February 24, 1893.]

VINCENC CHARVAT, *Respondent*, v. PETER E. MEYERS,
*Appellant*.

COMPROMISE — CONSIDERATION FOR PROMISE TO PAY — EVIDENCE.

Where one by representing his own land as railroad land induced
another to settle and make improvements thereon, and afterwards
claimed the lands and improvements as his own, but as a compro-
mise of the controversy that arose between them, promised to pay
the value of the improvements, such compromise was sufficient con-
sideration for the promise to pay.

In an action upon a promise to pay the cost of certain improve-
ments evidence is not admissible to show that the value of the land
was not enhanced by such improvements.

*Appeal from Superior Court, Spokane County.*

*Jones, Voorhees & Stephens,* for appellant.

*David Herman, P. F. Quinn,* and *James Dawson,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—This was an action brought by the plaintiff against the defendant to recover the sum of $268, for improvements made by him on lands owned by the defendant. The plaintiff obtained judgment and the defendant appealed.

The complaint alleges that on the 20th day of November, 1890, the defendant represented to the plaintiff that a certain piece of land, describing it, was vacant and unoccupied, and that the plaintiff could acquire title thereto from the Northern Pacific Railroad Company by settling thereon, improving the same and making application to purchase from said company; that the plaintiff, relying on said statements, and in ignorance of the true location of said land, settled thereon and made valuable and permanent improvements in the way of erecting a dwelling house, digging a well and clearing several acres of land; that said land was not situated as the defendant represented it to be, but in fact was, and now is, owned by the defendant in fee; that after the making of said improvements the defendant claimed the tract of land, together with the improvements; that thereafter the plaintiff and defendant effected a compromise, and the defendant undertook to pay to plaintiff the just and reasonable value of said improvements and all damages sustained by the plaintiff; but that he thereafter refused to do so.

The defendant's answer was a general denial, with a counter claim for the use and occupation of the land and for cutting timber thereon. Appellant alleges that the complaint does not state facts sufficient to constitute a cause of action, and that the evidence was insufficient to sustain a recovery.

He alleges that no consideration was pleaded for the alleged promise of the defendant; that the amended complaint simply pleaded a promise for past consideration, upon which no liability can be based; that there was no controversy between the parties upon which the said pretended compromise could be based.

We think there were sufficient facts proven to show a controversy between the parties as to the misrepresentations of the defendant and his liability therefor. According to the plaintiff's testimony the defendant sought the plaintiff and advised him to settle on the land and pretended to show him where the lines were, but did not show him the true location thereof. The facts testified to by the plaintiff were sufficient to support a promise to pay, regardless of whether the misrepresentations of the defendant were or were not fraudulent. The defendant assumed to know the location of the land, and he owned the land adjoining the tract owned by the railroad company. The action was properly brought upon the promise to pay. It sufficiently appears that upon the payment of the amount the defendant was to have all of the improvements, and this would naturally result from the situation. The plaintiff testified that it would be impracticable to remove the buildings, and of course it was impossible to move the other improvements. The defendant reaped the benefit of the plaintiff's labor and money performed and expended as aforesaid by reason of the acts of the defendant.

There was no error in not permitting the defendant to show that the value of the land was not enhanced by the improvements, for the plaintiff sought to recover upon the promise of the defendant to pay the cost of the improvements. The issues of fact were settled by the jury in favor of the plaintiff.

The defendant complains of an instruction given by the court which he claims was not warranted by the pleadings

51—5 WASH.

or evidence.    He points out no particular otherwise than this, wherein he claims that it was erroneous.    The instruction was directly pertinent to the issues made.

Judgment affirmed.

DUNBAR, C. J., and HOYT, STILES and ANDERS, JJ., concur.